Filed 3/18/16  P. v. Superior Court (Harris) CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>      Petitioner,<br><br>      v.<br><br>THE SUPERIOR COURT OF SANTA CLARA COUNTY,<br><br>      Respondent;<br><br>NICHOLAS HARRIS,<br><br>      Real Party in Interest. | H041594<br>(Santa Clara County<br>Super. Ct. No. 19602) |

The People petition for a writ of mandate directing the trial court to vacate its September 26, 2014 order relating to the resentencing of real party in interest Nicholas Harris.  In that order, the trial court found that Harris, initially sentenced in 1997 to a total term of 77 years to life, was entitled to be resentenced under the automatic nondiscretionary provisions of the Three Strikes Reform Act of 2012 (Reform Act), passed by the voters as Proposition 36.  Accordingly, the trial court indicated it intended to sentence Harris as a second strike offender on many, if not all, of the counts.

After we initially summarily denied relief, the Supreme Court granted review and transferred the matter to us with directions to vacate our order and issue an order to show cause why the relief sought in the petition should not be granted.  We vacated our prior order and issued an order to show cause.  Harris filed a formal opposition, the People

filed a reply, and we heard oral argument. At oral argument, we requested supplemental briefing which he have received and considered.

We conclude the trial court erred and therefore will grant the petition for a writ of mandamus.

## I. FACTUAL AND PROCEDURAL BACKGROUND[1]

### A. 1997 conviction and sentencing

In 1997, a jury convicted Harris of two counts of grand theft by false pretenses (Pen. Code, §§ 484, 487, subd. (a))[2] and one count each of access card forgery (§ 484f, subd. (b)), escape from jail (§ 4532, subd. (b)(1)), and dissuading a witness in furtherance of a conspiracy (§ 136.1, subd. (c)(2)). The jury also found true the allegation that one of the grand thefts involved a taking of more than $150,000 in value from the victim. (§ 12022.6, subd. (b).) The trial court denied Harris' *Romero*[3] motion and sentenced him to consecutive sentences of 25 years to life on the two grand theft convictions as well as the escape from jail conviction. The trial court imposed a concurrent 25 years to life sentence on the conviction for dissuading a witness, and an additional 25 years to life sentence was imposed, but stayed under section 654, on his conviction for access card forgery term. With the two-year enhancement imposed on one of the grand theft convictions, Harris was originally sentenced to a total term of 77 years to life. We affirmed his conviction in June 2000. (*People v. Miller* (2000) 81 Cal.App.4th 1427.)

### B. Federal habeas corpus proceeding

In 2010, the Northern District of California granted Harris' petition for writ of habeas corpus, finding he was "entitled to habeas corpus relief as to his conviction of one

---

[1] The underlying facts of Harris' original conviction are not relevant to this proceeding. We instead provide a summary of the relevant procedural background pertaining to his case.

[2] Unspecified statutory references are to the Penal Code.

[3] *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.

of the two counts of grand theft" because there was insufficient evidence to support that conviction. (*Harris v. Garcia* (N.D.Cal. 2010) 734 F.Supp.2d 973, 981.) The federal court held that Harris was not otherwise entitled to relief and expressly stated his continued incarceration on his remaining convictions was lawful. With respect to the unsupported grand theft conviction it ordered: "[T]he conviction and the portion of petitioner's sentence based thereon are VACATED. Within 60 days of the date this order is filed, the [People] shall seek a recalculated sentence from the state superior court . . . ." (*Id*. at p. 1018.)

    C.    *Resentencing at the trial court upon remand from federal court*

    Upon remand from the federal court, Harris sought to bring a renewed *Romero* motion in connection with his resentencing. The trial court concluded the federal court's order did not allow for such a motion and refused to consider it. The trial court dismissed Harris' conviction for grand theft as directed but noted that dismissal of that particular conviction removed the basis for staying Harris' 25 years to life sentence for access card forgery under section 654. Accordingly, the trial court imposed a consecutive 25 years to life sentence on the access card forgery conviction and resentenced Harris to a total term of 77 years to life.

    Harris appealed, arguing the trial court erred by failing to consider his renewed *Romero* motion, an argument the People conceded. In a brief unpublished opinion, we accepted the People's concession, reversed and remanded for a renewed *Romero* hearing and resentencing. (*People v. Harris* (Dec. 12, 2012, H036908, H037667) [nonpub. opn.] (the 2012 opinion).) In the 2012 opinion, we quoted *People v. Hill* (1986) 185 Cal.App.3d 831, 834 (*Hill*) as follows: "When a case is remanded for resentencing by an appellate court, the trial court is entitled to consider the entire sentencing scheme. Not limited to merely striking illegal portions, the trial court may reconsider all sentencing choices. [Citations.] This rule is justified because an aggregate prison term is not a

3

series of separate independent terms, but one term made up of interdependent components. The invalidity of one component infects the entire scheme."

D. *Proceedings culminating in the instant mandamus petition*

In May 2014 Harris filed a "motion"[4] asking that the trial court find him eligible for resentencing under section 1170.126 of the Reform Act. Harris argued his conviction for attempting to dissuade a witness, which offense he committed in 1995, should not be treated as a strike because it was not classified as a serious felony until 2000 (see § 1192.7, subd. (c)(37)). He further argued that even if he were found to be ineligible for resentencing on his conviction for attempting to dissuade a witness, he is still eligible for resentencing on the remaining counts all of which are nonserious, nonviolent offenses.

On July 2, 2014, Harris filed a second motion arguing that he was entitled to "automatic, non-discretionary sentencing" under the new version of section 667 created by the Reform Act. In this motion, Harris contended that the judgment originally entered against him in 1997 was "not yet final" and he should be treated as if he were being sentenced for the first time.

The People opposed both motions arguing Harris is entitled to nothing more than a *Romero* hearing where he is considered a Three Strike defendant on the four remaining convictions. The People also argued that Harris' dissuading a witness count should be treated as a serious felony for sentencing purposes and that such a conviction renders him ineligible for resentencing pursuant to the Reform Act.

The trial court rejected the People's arguments and ruled it was obligated to treat Harris as if he were being sentenced for the first time. The trial court explained: "I am reading the remand that came from the Court of Appeal [i.e., the 2012 opinion] on this

---

[4] Section 1170.126, subdivision (b) provides that a "person serving an indeterminate term of life imprisonment . . . may file a *petition* for a recall of sentence . . . ." (Italics added.)

4

particular case to be very clear, that I was to conduct a complete re-sentencing of Mr. Harris, regardless of [the] fact that the federal court had, in fact, found that four of the terms remained, one went. [¶] . . . [¶] . . . [T]he Court of Appeal [said] I was to re-sentence and it quoted the language from *Hill* indicating that one error can infect everything. I think that . . . really is a command to redo the entire process."

As a result, the trial court concluded Harris was not eligible for resentencing under section 1170.126 because he "is not *currently* serving an indeterminate life sentence." (Italics added.) The trial court further agreed with Harris that, as an unsentenced defendant, his convictions for grand theft, access card forgery and escape from jail "cannot be life cases [anymore]." As to Harris' conviction for dissuading a witness, the court acknowledged there was still a possibility this offense was subject to an indeterminate term of 25 years to life. The trial court set Harris' *Romero* hearing for December 5, 2014, at which it would also decide whether Harris could be sentenced to 25 years to life on that one conviction and would pronounce sentence on all four remaining counts.

The People petitioned this court for a writ of mandamus.

II.    DISCUSSION

In the petition for writ of mandamus, the People argue the trial court erred by reclassifying Harris as a two strike defendant before the *Romero* hearing on three of the strike convictions. Because the court is improperly treating Harris as an "unsentenced defendant," the court "erred when it applied prospective section 1170.12 [and section 667] rather than retrospective section 1170.126 in ruling how it will proceed at the December 5, 2014 *Romero* hearing." The People also renew the argument that Harris' conviction of dissuading a witness makes him entirely ineligible for discretionary

5

resentencing under section 1170.126 since that offense is now classified as a serious felony.[5]

## A.   Scope of the 2012 opinion

In the 2012 opinion, the matter under review was limited to whether the trial court, on remand from the federal court, erred in refusing to consider Harris' renewed *Romero* motion.  We were not asked to address and expressed no opinion on whether the trial court also erred by again sentencing Harris to a total term of 77 years to life by "unstaying" the 25 year to life sentence for access card forgery, execution of which had been originally stayed under section 654 at his 1997 sentencing.

A decision is authority only for points actually considered and decided therein. (*Santisas v. Goodin* (1998) 17 Cal.4th 599, 620.)  Likewise, the doctrine of " ' "law of the case" ' " applies only to matters that were necessary to the prior decision and that were actually presented and determined therein.  (*People v. Ramos* (1997) 15 Cal.4th 1133, 1161.)  As a result, the scope of the 2012 opinion was strictly limited to reviewing the trial court's decision to refuse to consider a renewed *Romero* motion and our remand was similarly limited to correcting that error.[6]

"[A] reviewing court has the power, when a trial court has made a mistake in sentencing, to remand with directions that do not inevitably require all of the procedural steps involved in arraignment for judgment and sentencing. . . .  Thus, it appears we may

---

[5] At discussed below, the People have now abandoned this argument, acknowledging it was expressly rejected by the California Supreme Court in *People v. Johnson* (2015) 61 Cal.4th 674, 687 (*Johnson*), which was decided after briefing in this case was complete.

[6] At oral argument, the People expressed regret for conceding this issue in 2012 and urged this court to "overrule" itself on the question of Harris' entitlement to a renewed *Romero* motion.  Even if we were convinced that our resolution of that question was erroneous, absent a significant change in circumstances or manifest injustice, the law of the case doctrine requires that we adhere to our prior decision.  (*Searle v. Allstate Life Ins. Co.* (1985) 38 Cal.3d 425, 434-435.)

properly remand to permit the trial court to make the threshold determination of whether to exercise its discretion in defendant's favor [pursuant to *Romero*] *without necessarily requiring resentencing unless the court does act favorably*." (*People v. Rodriguez* (1998) 17 Cal.4th 253, 258, italics added.) As pointed out in *People v. Alford* (2010) 180 Cal.App.4th 1463, "[a] sentence must be imposed on each count, otherwise if the non-stayed sentence is vacated, either on appeal or in a collateral attack on the judgment, no valid sentence will remain." (*Id.* at p. 1469.) That is why, under section 654, a sentence is imposed but execution of that sentence is stayed because "if the unstayed sentence is reversed, *a valid sentence remains extant*." (*People v. Alford*, *supra*, at p. 1469, italics added.)

In 1997, the trial court undertook the calculus involved in crafting an appropriate sentence for Harris. It considered his initial *Romero* motion, selected a term of imprisonment for each count, considered whether to impose concurrent or consecutive terms, and also concluded a sentence for access card forgery should be imposed but stayed under section 654. Although the federal district court subsequently found one of his convictions for grand theft was not supported by sufficient evidence, Harris' other convictions and sentence—including the stayed sentence for access card forgery— "remain[ed] extant." (*People v. Alford*, *supra*, 180 Cal.App.4th at p. 1469.)

With this in mind, we now turn to a closer examination of the effect of the Reform Act on further proceedings in the trial court.

*B.   The Reform Act*

In the November 6, 2012 election, California voters approved Proposition 36, the so-called Three Strikes Reform Act of 2012. Prior to the passage of Proposition 36, the Three Strikes law (§§ 667, subds. (b)-(i), 1170.12) required that a defendant convicted of two prior serious or violent felonies be subject to a sentence of 25 years to life upon conviction of a third felony. As amended by the Reform Act, section 1170.12, subdivision (c)(2)(C), and section 667, subdivision (e)(2)(C), now mandate that a

7

defendant with two or more strikes who is convicted of a felony that is neither serious nor violent be sentenced as a second strike offender unless "the prosecution pleads and proves" one or more disqualifying factors.

The Reform Act also added section 1170.126, which allows eligible inmates who are currently subject to 25-years-to-life sentences under the Three Strikes law to petition the court for resentencing. "Section 1170.126, subdivisions (a) and (b), broadly describe who is eligible to file a petition and to be resentenced. Subdivision (a) of section 1170.126 states: 'The resentencing provisions under this section and related statutes *are intended to apply exclusively* to persons presently serving an indeterminate term of imprisonment pursuant to paragraph (2) of subdivision (e) of Section 667 or paragraph (2) of subdivision (c) of Section 1170.12, *whose sentence under this act would not have been an indeterminate life sentence.*' " (*Teal v. Superior Court* (2014) 60 Cal.4th 595, 598 (*Teal*).) "Subdivision (b) of section 1170.126 states: 'Any person serving an indeterminate term of life imprisonment imposed pursuant to paragraph (2) of subdivision (e) of Section 667 or paragraph (2) of subdivision (c) of Section 1170.12 upon conviction, whether by trial or plea, of a felony or felonies *that are not defined as serious and/or violent felonies* by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7, *may file a petition for a recall of sentence. . . .*' " (*Id.* at p. 599.)

Subdivision (e) of section 1170.126 addresses eligibility more specifically. It provides that an inmate is "eligible for resentencing" if (1) he or she is "serving an indeterminate term of life imprisonment" imposed under the Three Strikes law "for a conviction of a felony or felonies that are not defined as serious and/or violent felonies" and (2) his or her current and prior convictions are not for certain designated offenses. (§ 1170.126, subd. (e)(1); *Teal*, *supra*, 60 Cal.4th at p. 600.) An eligible prisoner "shall be resentenced" as a second strike offender unless the court determines that resentencing him or her "would pose an unreasonable risk of danger to public safety." (§ 1170.126, subd. (f).)

8

*C.     Harris not entitled to nondiscretionary automatic resentencing*

The trial court interpreted the 2012 opinion to mean, in effect, that Harris was to be treated as if he had never been sentenced for his convictions in 1997 and it was obligated to redo the entire sentencing process, not just consider a renewed *Romero* motion. Accordingly, the trial court believed it was required under the terms of the Reform Act to impose determinate rather than indeterminate terms on three of Harris' four convictions. As discussed above, this was error because the 2012 opinion did not invalidate Harris' sentences.

There is no basis for treating Harris as if he had never been sentenced for his 1997 convictions, and the trial court should have simply, as we ruled in 2010, held a *Romero* hearing. The only way in which Harris could be entitled to a *recalculation* of his sentence of 77 years to life would be if the trial court elected to strike one or more prior strikes under *Romero*. Assuming it does not, and his existing sentence of 77 years to life remains intact, Harris could then be evaluated under the Reform Act for a *recall* of that sentence. Under those circumstances, Harris' sentence may be recalculated on a count-by-count basis, so long as the trial court were to make the necessary threshold finding that resentencing him would not pose a danger to public safety.

*D.     Harris' eligibility for resentencing under section 1170.126*

We now turn to Harris' entitlement to resentencing under section 1170.126, which was the subject of Harris' May 2014 motion. In that motion, Harris argued his conviction for attempting to dissuade a witness was not considered a serious or violent felony at the time he committed the offense and thus should not be considered a disqualifying serious felony for purposes of section 1170.126. Harris also argued that even if the trial court found that his conviction for attempting to dissuade a witness was a disqualifying serious felony, that conviction does not render him ineligible for resentencing on the remaining counts, i.e., he is entitled to be resentenced on a count-by-count basis under section 1170.126.

9

Following the close of briefing in this case, the California Supreme Court issued an opinion resolving both of these questions. Regarding the classification of Harris' conviction for attempting to dissuade a witness, the Supreme Court has held that, "for purposes of resentencing under section 1170.126, the classification of the current offense as serious or violent is based on the law as of November 7, 2012, the effective date of Proposition 36." (*Johnson*, *supra*, 61 Cal.4th at p. 687.) Consequently, it makes no difference that Harris' attempt to dissuade a witness was not considered a serious felony when he committed that offense. As of November 7, 2012, it was considered a serious felony and therefore he is not eligible for resentencing on that count.

However, as the People conceded at oral argument, *Johnson* also rejected the People's argument that one disqualifying conviction is enough to render an inmate ineligible for resentencing, holding the Reform Act "requires an inmate's eligibility for resentencing to be evaluated on a count-by-count basis." (*Johnson*, *supra*, 61 Cal.4th at p. 688.) Thus, "an inmate may obtain resentencing with respect to a three-strikes sentence imposed for a felony that is neither serious nor violent, despite the fact that the inmate remains subject to a third strike sentence of 25 years to life." (*Ibid.*)

Accordingly, although Harris' current sentence includes one disqualifying offense under section 1170.126, subdivision (e)(1), namely the conviction for attempting to dissuade a witness, the trial court must evaluate his eligibility for resentencing on a count-by-count basis. In doing so, of course, the trial court ultimately retains the discretion to deny resentencing entirely if it finds that "resentencing [Harris] would pose an unreasonable risk of danger to public safety." (§ 1170.126, subd. (f).)

## III.    DISPOSITION

The People's petition for writ of mandamus is granted. Let a peremptory writ of mandate issue directing respondent court to: (1) vacate its September 26, 2014 order granting real party in interest Harris' motion to be resentenced under the nondiscretionary sentencing provisions set forth in Penal Code sections 667 and 1170.12; (2) enter a new

10

order denying that motion; (3) schedule a further resentencing hearing at which it shall consider Harris' renewed *Romero* motion as directed in the 2012 opinion as well as Harris' eligibility for resentencing under the discretionary resentencing provisions set forth in Penal Code section 1170.126, including an evaluation of the risk of danger to public safety of any such resentencing.

The temporary stay of the superior court proceedings is dissolved upon the finality of this opinion.

                                                                          _____

                                                                            Premo, J.

WE CONCUR:

_____
Rushing, P.J.

_____
Elia, J.

People v. Superior Court (Harris)
H041594